# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SALLY B. EASON,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-12-0609-I-3 |
| 　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　Agency. | DATE: March 31, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sally B. Eason, Indianapolis, Indiana, pro se.

Benjamin B. Hamlow, Esquire, Indianapolis, Indiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed her removal for no longer meeting a necessary condition of employment—eligibility to occupy a sensitive position. For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, the appellant's petition for review is DISMISSED as untimely without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The appellant held the position of Financial Management and Systems Analyst. *See* Initial Appeal File (IAF), Tab 4 at 41 of 215 (Standard Form (SF)-50 documenting removal), 125-28 of 215 (position description), 129 of 215 (SF-50 documenting promotion). The position was designated noncritical-sensitive. *Id*. at 78 of 90; *see id*. at 43-44 of 83 (agency's policy explaining the "noncritical-sensitive" designation).

¶3    In November 2011, the agency revoked the appellant's eligibility to occupy a sensitive position. *Id*. at 95-100 (notice), 104-20 (supporting documents). The agency removed her for the same in June 2012. *Id*. at 43-45, 60-63.

¶4    The appellant appealed her removal to the Board. IAF, Tab 1. After twice dismissing the appeal without prejudice and then redocketing, the administrative judge held the requested hearing and issued a decision, affirming the appellant's removal. Refiled Appeal File II, Tab 7, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 4.

## ANALYSIS

¶5    The administrative judge issued the initial decision to affirm the appellant's removal on July 8, 2014. ID at 1. It notified the appellant that the decision would become final on August 12, 2014, unless a petition for review was filed by that date. ID at 5. The appellant filed her petition for review on August 15, 2014. PFR File, Tab 1. After the Clerk of the Board notified the appellant that her petition appeared untimely, PFR File, Tab 2 at 1-2, the appellant filed a motion requesting that the Board accept her petition as timely, despite the delay, PFR File, Tab 3.

¶6      The appellant bears the burden of proof with regard to timeliness, which she must prove by preponderant evidence.[2] 5 C.F.R. § 1201.56(a)(2)(ii). A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the party shows that she received the initial decision more than 5 days after it was issued, within 30 days of her receipt. *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e). The Board will waive the filing time limit for a petition for review only upon a showing of good cause for the delay. *Williams*, 109 M.S.P.R. 237, ¶ 7.

¶7      To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the circumstances. *Id*. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id*.

¶8      The appellant was reportedly living in a hotel from January 7, 2014, through July 17, 2014, due to home repairs. PFR File, Tab 3 at 4. She alleged that she did not receive the initial decision, dated Tuesday, July 8, 2014, until she checked out of her hotel on Thursday, July 17, 2014, and that this resulted in her delayed filing. *See id*. The appellant suggested that, even though she did not file her petition within 35 days of the initial decision's issuance, her petition was still timely because she filed within 30 days of her receipt. *Id*.

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

¶9        In a sworn statement, the appellant stated that the administrative judge "apparently opted to send [the decision] directly to the hotel." *Id*. However, she has not alleged that it should have been sent elsewhere. *See id*.; *cf. Buniff v. Department of Agriculture*, [79 M.S.P.R. 118](#), ¶¶ 5-6 (1998) (accepting a petition as timely where the appellant filed after the 35-day deadline but within 30 days of the initial decision's receipt because the decision was sent to an old address rather than the updated address of record). In fact, the appellant suggested that, if the decision had been sent to her home, it then would have been forwarded to the hotel based upon her standing instructions with the Post Office. *See* PFR File, Tab 3 at 4. Therefore, while the appellant also indicated that her mail was generally redirected among two post offices and the hotel where she was residing, *see id*., the assertion appears irrelevant concerning the decision because it was sent directly to her hotel.

¶10       The appellant also asserted that "the hotel randomly sorts/distributes mail and there is no service on weekends." *Id*. To illustrate that point, the appellant indicated that mail delivered to the hotel on a Saturday might not be given to the recipient until Monday. *Id*. However, because she reportedly gained possession of the decision as she checked out of the hotel on July 17, 2014, a Thursday, it is unclear how the hotel's purported lack of weekend service affected her delayed receipt.

¶11       Correspondence that is properly addressed and mailed via postal delivery is presumed to have been delivered. [5 C.F.R. §§ 1201.22](#)(b)(3), 1201.114(e). In addition, an appellant may be deemed to have received the initial decision if it was received by a designated representative or a person of suitable age and discretion residing with the appellant. [5 C.F.R. §§ 1201.22](#)(b)(3), 1201.114(e). The regulations setting out that rule provide two illustrative examples that are particularly relevant to the case at hand. The first indicates that an appellant who fails to pick up mail delivered to her post office box may be deemed to have

received the decision. 5 C.F.R. § 1201.22(b)(3); *see Bennett v. Department of Veterans Affairs*, 97 M.S.P.R. 1, ¶¶ 4-5 (2004) (finding a petition untimely without good cause despite the appellant having filed within 30 days of receipt, where the receipt had been delayed because of the appellant's having failed to pay the rent on her post office box). The second indicates that an appellant may be deemed to have received a decision received by her roommate. 5 C.F.R. § 1201.22(b)(3); *see generally Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 9 (2014) (finding that an agency decision was constructively received by the appellant, pursuant to 5 C.F.R. § 1201.22(b)(3), when his father received it at the appellant's address of record); *see also Johnson v. Department of the Navy*, 73 M.S.P.R. 431, 433-34 (1997) (finding a petition untimely with no good cause where the initial decision was properly mailed to the address of record but the appellant did not receive it until much later because he was incarcerated).

¶12 In the interest of further developing the record, the Clerk of the Board issued an order, giving the appellant the opportunity to submit further argument and evidence as to the timeliness of her petition. PFR File, Tabs 5-6. The order suggested that the appellant might wish to explain whether the decision was delayed in reaching her hotel; what steps she took to obtain delivery between its issuance on Tuesday, July 8, 2014, and her purported receipt on Thursday, July 17, 2014; and what prevented her from filing her petition between July 17, 2014, and August 12, 2014, the date specified as the deadline for filing the petition. *Id*. The appellant has filed a response. PFR File, Tab 7 at 2.

¶13 In response to the question of whether the decision was in any way delayed in its delivery to the hotel, the appellant indicates that the decision "wasn't addressed to the hotel but to [her] home which took longer in receipt" due to its forwarding. PFR File, Tab 7 at 2. However, this assertion contradicts the appellant's prior sworn statement. *Compare* PFR File, Tab 3 at 4 (indicating that the administrative judge sent the decision directly to her hotel), *with* PFR File,

Tab 7 at 2 (alleging that the decision was addressed to her home and routed to the hotel). Moreover, the decision itself demonstrates that it was properly mailed to the hotel where she was residing at the time, without any need for forwarding. *See* ID, Certificate of Service (certifying that the decision was mailed to 2301 Post Drive, Indianapolis, Indiana); *see also* PFR File, Tab 3 at 4 (indicating that the hotel where she briefly resided was "the InTowne Suites at Post Road").

¶14         In response to the question of what prevented her from obtaining delivery of her mail between July 8 and July 17, 2014, the appellant simply asserts that "the hotel manager may confirm [her] constant checking and calling the desk for mail," and "[she] returned to the hotel several times after transferring home . . . since [she] had [not] yet received expected packages." PFR File, Tab 7 at 2. Moreover, the appellant indicates that "[b]oth [] Post Office supervisors may confirm [her] incessant complaints regarding improper mail delivery." *Id*. However, while the appellant's arguments describe her various difficulties with getting her mail, generally, the record suggests that the initial decision was properly addressed, mailed to, and received at the hotel where she was staying, presumably by a person of suitable age and discretion, and presumably in a timely manner, even though the appellant may not have gained possession of the decision until she checked out of her hotel on July 17, 2014.

¶15         The appellant was proceeding pro se, and the petition was late by only 3 days. However, even a minimal delay will not be excused in the absence of good cause. *See Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014) (dismissing a petition as untimely when it was filed 3 ½ hours late and the appellant failed to establish good cause for that minimal delay). Here, even if the appellant did not have possession of the July 8, 2014 decision until July 17, 2014, her arguments suggest that this delay is analogous to a failure to check one's post office box or a failure to get one's mail from a housemate or doorman.

Therefore, we find the July 17, 2014 date on which she reportedly gained possession of the decision not dispositive.

¶16　　In any event, although the appellant purportedly lacked physical possession of the decision until July 17, 2014, that still left her with 27 days until August 12, 2014, the date specified as when the initial decision would become final. In response to the question of what prevented her from filing the petition during that time, the appellant indicates that she "accepted the final bundle of mail from the hotel and placed it among boxes being transferred back to [her] home" and that "[o]nce able to address the mail, the deadline had expired . . . so [she] immediately faxed [her] response." PFR File, Tab 7 at 2. She also indicates that the cost of submitting a petition was prohibitive, such that she had to wait until she had access to a fax machine at her union office. PFR File, Tab 3 at 4. We are not persuaded that these assertions warrant a waiver of the filing time limit for a petition for review. *See generally Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 6 (2006) (finding no good cause for an untimely petition where the appellant alleged that he lacked the financial resources to hire an attorney to represent him); *Benroth v. Department of Army*, 79 M.S.P.R. 15, ¶ 6 (1998) (finding that an appellant's inexplicable delay in opening the mail containing the initial decision did not demonstrate due diligence).

¶17　　Accordingly, we dismiss the petition for review because the appellant has failed to meet her burden of proving, by preponderant evidence, that her petition was timely or that good cause exists for its untimeliness. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.